1  MILBERG LLP
   JEFF S. WESTERMAN (SBN 94559)
2  jwesterman@milberg.com
   SABRINA S. KIM (SBN 186242)
3  skim@milberg.com
   One California Plaza
4  300 S. Grand Avenue, Suite 3900
   Los Angeles, California 90071
5  Telephone: (213) 617-1200
   Facsimile: (213) 617-1975
6
   REESE RICHMAN LLP
7  MICHAEL R. REESE (SBN 206773)
   mreese@reeserichman.com
8  875 Avenue of the Americas, 18th Floor
   New York, New York 10001
9  Telephone: (212) 579-4625
   Facsimile: (212) 253-4272
10
   *Attorneys for Plaintiff*
11
   [Additional Counsel on Signature Page]
12

13              UNITED STATES DISTRICT COURT

14             CENTRAL DISTRICT OF CALIFORNIA

15                    WESTERN DIVISION

16  MITCHELL LEONG, individually        )  CASE NO. CV10-8366 AHM (Ex)
    and on behalf of all others similarly )
17  situated,                           )  **CLASS ACTION**
                                        )
18                   Plaintiff,         )  COMPLAINT
                                        )
19        v.                            )
                                        )
20  MYSPACE, INC.                       )
                                        )  **JURY TRIAL DEMANDED**
21                   Defendant.         )

22

23

24

25                        COPY

26

27

28

DOCS\534955v2                    CLASS ACTION COMPLAINT

Plaintiff Mitchell Leong ("Plaintiff" or "Leong") brings this action individually and on behalf of a Class of all persons similarly situated in the United States against MySpace, Inc. ("MySpace" or "Defendant").

This case arises from Defendant's intentional and knowing transmission of data to outside advertising companies that could be used to identify the users, without the users' knowledge or consent, in violation of federal and state laws and in breach of MySpace's agreements with its users.  Plaintiff and the Class seek damages and equitable relief.  Plaintiff alleges the following upon personal knowledge as to his own acts, and upon information and belief based on the investigation conducted by Plaintiff's Counsel, as to all other matters:

## FACTUAL ALLEGATIONS

1.   MySpace operates a social network platform that allows members to create personal profiles online, including photos and journals, which they can share with designated "friends."   MySpace's website address is found at http://www.myspace.com.   MySpace is owned by News Corp. which, in public filings, reported that MySpace had nearly 70 million unique U.S. users and 101 million unique global users in June 2010.

2.   To become a MySpace member, website visitors must first join MySpace by registering and agreeing to MySpace's "Terms of Use Agreement" ("Agreement") and Privacy Policy.   Once registered, users may post personal information, including but not limited to, name, address, phone number, email, gender, relationships, photographs, videos, and interests.

3.   Each MySpace Member has a unique user JD that is a public part of all MySpace profiles, and anyone can use an ID number to find a person's name on a standard web browser.

4.   MySpace encourages users to share personal information by making the following representations:

(a) "When you voluntarily provide PII [personally identifiable information] to MySpace, we will make sure you are informed about who is collecting information, how and why the information is being collected and the types of uses MySpace will make of the information to the extent it is being used in a manner that differs from what is allowed pursuant to this privacy policy."

(b) "At the time you provide your PII, MySpace will notify you of your options regarding our use of PII (See "Choice" below). Except as described in this Privacy Policy, MySpace will not share your PII with third parties unless you have given MySpace permission to do so (See "Use" below)."

(c) "Except as described in this Privacy Policy, MySpace will get your permission before we use PII in a way that is inconsistent with the purpose for which it was submitted or share your PII with third parties that are not affiliated with MySpace."

(d) "MySpace uses commercially reasonable administrative, technical, personnel and physical measures to safeguard PII and credit card information in its possession against loss, theft and unauthorized use, disclosure or modification."

5. These assurances were all false. In fact, MySpace revealed personally identifiable information to outside advertisers without MySpace users' knowledge or consent, in violation of its own Privacy Policy. On May 21, 2010, the *Wall Street Journal* published an article stating that MySpace had been sending user names or ID numbers that could direct advertisers back to a profile page full of personal information. The article cited a paper prepared by researchers at AT&T Labs and Worcester Polytechnic Institute in which the authors reported that there were "multiple ways" outside companies could access MySpace user data. MySpace admitted the violation and sought to minimize its importance, but nevertheless, told the *Wall Street Journal* that MySpace was "currently

1 | implementing a methodology that will obfuscate the 'FriendID in any URL that is
2 | passed along to advertisers.'"

3 |   6.   MySpace Co-President, Mike Jones, stated in a May blog post that,
4 | "MySpace's core value of allowing self-expression and representation of yourself
5 | remains true, without the fear that your unique contribution to MySpace will be
6 | unknowingly used for an alternative purpose,"

7 |   7.   On October 23, 2010, the *Wall Street Journal* published an article
8 | entitled, "MySpace, Apps Leak User Data: *Site Sends Personal IDs When Ads are*
9 | *Clicked, a Journal Investigation Finds.*"   The article reported that, notwithstanding
10 | MySpace's pledge to discontinue the practice, MySpace still was transmitting user
11 | IDs, as were MySpace applications including BitRhymes Inc.'s TagMe,
12 | Wonderhill, Inc.'s GreenSpot, and RockYouPets.   The advertising companies
13 | being sent the data include Google Inc., Quantcast Corp., and Rubicon Project,
14 | according to the article.

15 | **JURISDICTION AND VENUE**

16 |   8.   This Court has subject matter jurisdiction pursuant to the Class Action
17 | Fairness Act of 2005, 28 U.S.C. § 1332 (a) and 1332 (d), because the amount in
18 | controversy exceeds $5,000,000.00 exclusive of interests and costs, and more than
19 | two-thirds of the members of the Class are citizens of states different from that of
20 | Defendant.   This Court also has federal question jurisdiction as this Complaint
21 | alleges violations of the Stored Communications Act (18 U.S.C. § 2701 *et seq.*)
22 | (the "SCA").

23 |   9.   Venue for this action properly lies in this District pursuant to 28
24 | U.S.C. § 1391 as MySpace's principal executive offices and headquarters are
25 | located in Beverly Hills, California.

26 | **PARTIES**

27 |   10.   Plaintiff Mitchell Leong is an individual who resides in Burlingame,
28 | California, and is a member of MySpace's social networking website.   During the

1  Class Period he has clicked on at least one third-party advertisement that appeared
2  on MySpace's website.

3      11.   Defendant MySpace is located at 407 North Maple Drive, Beverly
4  Hills, California.   MySpace conducts business throughout California and the
5  United States.

6                          **CLASS ACTION ALLEGATIONS**

7      12.   Plaintiff brings this action on behalf of himself and all other persons
8  similarly situated pursuant to Fed. R. Civ. P. 23 defined as follows: All MySpace
9  users who reside in the United States and who, any time after November 3, 2006,
10  (i) interacted with MySpace's authorized applications or (ii) clicked on a third-
11  party advertisement displayed on MySpace's social networking website.

12      13.   Excluded from the Class are Defendant; any parent, subsidiary, or
13  affiliate of Defendant or any employees, officers, or directors of Defendant; legal
14  representatives, successors, or assigns of Defendant; and any justice, judge or
15  magistrate judge of the United States who may hear the case, and all persons
16  related to any such judicial officer, as defined in 28 U.S.C. § 455(b).

17      14.   **Numerosity**.  The Class members are so numerous and dispersed
18  nationwide that joinder of all members is impracticable.  Upon information and
19  belief, the Class members number in the hundreds of thousands, if not millions.
20  The exact number of Class members is unknown, but can be determined from
21  Defendant's computerized and other records.  Plaintiff reasonably estimates and
22  believes that there are thousands of persons in the Class.

23      15.   **Commonality**.  There are numerous and substantial questions of law
24  and fact that are common to all members of the Class, which predominate over any
25  question affecting only individual Class members.  The members of the Class were
26  and continue to be subjected to the same practices of the Defendant.  The common
27  questions and issues raised by Plaintiff's claims include: whether Defendant shared
28  Plaintiff's and the Class's personal information with third-party advertisers and

Internet tracking companies; whether Plaintiff consented to Defendant's sharing of Plaintiff's personal information with third-party advertisers and Internet tracking companies; whether Defendant violated its own Terms and Privacy Policies by sharing of Plaintiff's personal information with third-party advertisers and Internet tracking companies; whether Plaintiff and the Class have been damaged as a result of Defendant's alleged violations as alleged herein; and, if so, the appropriate relief for Defendant's violations; whether Defendant has violated the SCA and, if so, the appropriate measure of damages and remedies against Defendant for any violations of the SCA; whether Defendant breached its contract, and if so, the appropriate measure of damages and remedies against Defendant for such breach; whether Defendant breached the covenant of good faith and fair dealing, and if so, the appropriate measure of damages and remedies against Defendant for such breach; whether Defendant has been unjustly enriched as a result of its unlawful conduct, and, if so, whether Defendant should disgorge inequitably obtained money that it has been unjustly enriched by; and, the nature and extent of any other remedies, and injunctive relief, to which Plaintiff and the Class are entitled.

16. **Typicality**.  Plaintiff's claims are typical of the claims of all of the other members of the Class, because his claims are based on the same legal and remedial theories as the claims of the Class and arise from the same course of conduct by Defendant.

17. **Adequacy**.  Plaintiff will fairly and adequately protect the interests of all members of the class in the prosecution of this Action and in the administration of all matters relating to the claims stated herein.  Plaintiff is similarly situated with, and has suffered similar injuries as, the members of the Class he seeks to represent.  Plaintiff has retained counsel experienced in handling class action lawsuits.  Neither Plaintiff nor his counsel have any interest that might cause them not to vigorously pursue this action.

18.   **Superiority**.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy, since individual joinder of the Class members is impracticable.  Even if individual Class members were able to afford individual litigation, it would be unduly burdensome to the Courts in which the individual litigation would proceed.  Defendant has subjected the Class to the same violations as referenced herein.   Accordingly, class certification is appropriate under Rule 23 because common issues of law and fact regarding Defendant's uniform violations predominate over individual issues, and class certification is a superior method of resolving these claims.  No unusual difficulties are likely to be encountered in the management of this action as a class action. Defendant acted and continues to act in a manner that is generally applicable to all members of the Class, making final injunctive relief appropriate.

### FIRST CAUSE OF ACTION
#### (Stored Communications Act, 18 U.S.C. § 2701 *et seq.*)

19.   Plaintiff hereby incorporates by reference the allegations contained in all of the preceding paragraphs of this complaint.

20.   MySpace provides an electronic communication service to the public *via* its social networking website.  18 U.S.C. § 2510 (15).

21.   MySpace provides remote computing service to the public because it provides computer storage and processing services by means of an electronic communications system.  18 U.S.C. § 2711(2).

22.   MySpace carries and maintains its members' MySpace profiles solely for the purpose of providing storage and computer processing services to its users. MySpace is not authorized to access this information for purposes other than providing storage and computer processing.  18 U.S.C. § 2702(a) (2).

23.   A Member's MySpace profile and personal information as stored by MySpace are electronic communications within the meaning of 18 U.S.C. § 2510 (12).

24.    MySpace holds its members' MySpace profiles in electronic storage within the meaning of 18 U.S.C. § 2510 (17).

25.    In relevant part, 18 U.S.C. § 2701 (a)(1)-(2) of the SCA provide that an offense is committed by anyone who: (1) intentionally accesses without authorization a facility through which electronic communication service is provided; or (2) intentionally exceeds an authorization to access that facility; and thereby obtains . . . [an] electronic communication while it is in electronic storage in such system.

26.    MySpace intentionally exceeded its authorization to access and control confidential and private information relating to Plaintiff's and the Class's electronic communications in violation of 18 U.S.C. § 2701 *et seq.* of the SCA.

27.    In relevant part, 18 U.S.C. § 2702(a) (1)-(2) of the SCA provides that a person or entity shall not: (1) . . . knowingly divulge to any person or entity the contents of a communication . . . ; and (2) . . . shall not knowingly divulge to any person or entity the contents of any communication . . . .

28.    Section 2707 of the SCA provides for a civil cause of action and allows for damages, and declaratory and equitable relief.

29.    MySpace knowingly, willfully, unlawfully, and intentionally without authorization divulged confidential and private information relating to Plaintiff's electronic communications in violation of 18 U.S.C. § 2701 *et seq.* of the SCA.

30.    MySpace engages in the foregoing acts without obtaining the lawful consent of the user.  18 U.S.C. § 2702 (b) (3).

31.    By engaging in the foregoing acts, MySpace knowingly divulges the contents of communication carried and maintained by MySpace on behalf of and received by transmissions from MySpace users in violation of 18 U.S.C. § 2702(a)(2).

32.    Plaintiff and the Class are entitled to statutory damages of no less than $1,000.00 (one thousand dollars) per violation.  Because MySpace's violations

1  were willful and intentional, Plaintiff and the Class are entitled to recover punitive

2  damages as provided by 18 U.S.C. § 2702 (c).

3

4                    **SECOND CAUSE OF ACTION**
                            **(Conversion)**

5

6          33.   Plaintiff hereby incorporates by reference the allegations contained in

7  all of the preceding paragraphs of this complaint.

8          34.   Plaintiff's personally identifiable information – including full name,

9  email address, mailing address, telephone number, and credit card number – is

10 valuable property owned by Plaintiff.

11         35.   Defendant unlawfully exercised dominion over said property and

12 thereby converted Plaintiff's and the Class members' respective personal

13 information by providing it to third parties in violation of the Stored

14 Communications Act, 18 U.S.C. § 2701 *et seq.*, and in violation of is contracts

15 with Plaintiff and the respective class members.

16         36.   Plaintiff and the Class were damaged thereby.

17                    **THIRD CAUSE OF ACTION**
                        **(Breach of Contract)**

18         37.   Plaintiff hereby incorporates by reference the allegations contained in

19 all of the preceding paragraphs of this complaint.

20         38.   MySpace requires users to register only after agreeing to the MySpace

21 Agreement and Privacy Policy.   The Agreement and Privacy Policy together

22 constitute a valid and enforceable contract between MySpace and its users.

23 Plaintiff submits personally identifiable information to MySpace and its contract

24 promises MySpace will not share this information with third-party advertisers or

25 applications developers without Plaintiff's consent and the consent of each Class

26 member, respectively.

27         39.   The MySpace Privacy Policy states that MySpace will not divulge

28 personally identifiable information to outside advertising companies without the

member's consent.  Despite this promise, MySpace did in fact knowingly share users' personally identifiable information and non-anonymous user information with outside advertisers and application developers in violation of its own Agreement with its users.

40.    Plaintiff never consented to the sharing of his personally identifiable information to third-party advertisers and/or application developers.

41.    Plaintiff has performed his obligations under the contract.

42.    MySpace materially breached its contractual obligations through its conduct as alleged herein, including its transmission of Plaintiff's personal information to third-party advertisers and application developers, as well as Plaintiff's user ID without consent.

43.    Plaintiff and the Class have been damaged as a direct and proximate result of MySpace's breach of their agreements with Plaintiff and the Members of the Class.  Plaintiff and the Class have been damaged in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION
### (Breach of Implied Covenant of Good Faith and Fair Dealing )

44.    Plaintiff hereby incorporates by reference the allegations contained in all of the preceding paragraphs of this complaint.

45.    Once Plaintiff agreed to use MySpace's social network website, he agreed to MySpace's Agreement and Privacy Policy, which constitute an enforceable contract.

46.    A covenant of good faith and fair dealing, which imposes upon each party to a contract a duty of good faith and fair dealing in its performance, is implied in every contract, including the Agreement that embodies the relationship between MySpace and its members.

47.    Good faith and fair dealing is an element imposed by common law or statute as an element of every contract under the laws of every state.  Under the

covenant of good faith and fair dealing, both parties to a contract impliedly promise not to violate the spirit of the bargain and not to intentionally do anything to injure the other party's right to receive the benefits of the contract.

48.     Plaintiff reasonably relied upon MySpace to act in good faith both with regard to the contract and in the methods and manner in which it carries out the contract terms.  Bad faith can violate the spirit of the Agreement and may be overt or may consist of inaction.  MySpace's inaction in failing to adequately notify Plaintiff of the release of personal information to outside advertisers and application developers evidences bad faith and ill motive.

49.     The contract is a form contract, the terms of which Plaintiff is deemed to have accepted once Plaintiff and the Class signed up with MySpace.  The contract purports to give discretion to MySpace relating to MySpace's protection of members' privacy.  MySpace is subject to an obligation to exercise that discretion in good faith.  The covenant of good faith and fair dealing is breached when a party to a contract uses discretion conferred by the contract to act dishonestly or to act outside of accepted commercial practices.  MySpace breached its implied covenant of good faith and fair dealing by exercising bad faith in using its discretionary rights to deliberately, routinely, and systematically make Plaintiff's personal information available to third parties.

50.     Plaintiff has performed all, or substantially all, of the obligations imposed on him under the contract, whereas MySpace has acted in a manner as to evade the spirit of the contract, in particular by deliberately, routinely, and systematically without notifying Plaintiff of its disclosure of his personal information to third-party advertisers.  Such actions represent a fundamental wrong that is clearly beyond the reasonable expectations of the parties.  MySpace's disclosure of such information to third party advertisers and tracking companies is not in accordance with the reasonable expectations of the parties and evidences a dishonest purpose.

51. MySpace's ill motive is further evidenced by its failure to obtain Plaintiff's consent in its data mining efforts while at the same time consciously and deliberately utilizing data mining to automatically and without notice providing user information to third-party advertisers and Internet tracking companies. MySpace profits from advertising revenues derived from its data mining efforts from Plaintiff and the Class.

52. The obligation imposed by the implied covenant of good faith and fair dealing is an obligation to refrain from opportunistic behavior. MySpace has breached the implied covenant of good faith and fair dealing in the Agreement through its policies and practices as alleged herein. Plaintiff and the Class have sustained damages and seek a determination that the policies and procedures of MySpace are not consonant with MySpace's implied duties of good faith and fair dealing.

**FIFTH CAUSE OF ACTION**
**(In the Alternative, Unjust Enrichment)**

53. Plaintiff hereby incorporates by reference the allegations contained in all of the preceding paragraphs of this complaint.

54. By engaging in the conduct described in this Complaint, Defendant has knowingly obtained benefits from Plaintiff under circumstances such that it would be inequitable and unjust for Defendant to retain them.

55. Defendant has received a benefit from Plaintiff and Defendant has received and retained money from advertisers and other third parties as a result of sharing Defendant's members' personal information with those advertisers without Plaintiff's knowledge or consent as alleged in this complaint.

56. Plaintiff did not expect that Defendant would seek to earn money from third parties by using his personal information without his consent.

57. Defendant knowingly used Plaintiff's personal information without his knowledge or consent to earn money from third parties and had full knowledge

of the benefits it has received from Plaintiff. If Plaintiff had known Defendant was not keeping his personal information from third parties, he would not have consented and Defendant would not have made money from third parties.

58.   Defendant will be unjustly enriched if Defendant is permitted to retain the money paid to it by third parties in exchange for Plaintiff's personal information.

59.   Defendant should be required to provide restitution of all money obtained from its unlawful conduct.

60.   Plaintiff and the Members of the Class are entitled to an award of compensatory and punitive damages in an amount to be determined at trial or to the imposition of a constructive trust upon the wrongful revenues and/or profits obtained by and benefits conferred upon Defendant as a result of its wrongful actions as alleged in this complaint.

61.   Plaintiff and the Class have no remedy at law to prevent Defendant from continuing the inequitable conduct alleged in this complaint and the continued unjust retention of the money Defendant received from third-party advertisers.

**SIXTH CAUSE OF ACTION**
**(In the Alternative, Promissory Estoppel)**

62.   Plaintiff hereby incorporates by reference the allegations contained in all of the preceding paragraphs of this complaint.

63.   Plaintiff and the Class submitted personally identifiable information to MySpace in detrimental reliance upon MySpace's clear promise that MySpace would not share the personally identifiable information with third parties without his consent and, as a consequence, Plaintiff and the Class suffered damages.

## SEVENTH CAUSE OF ACTION
### (Violation Of California Business And Professions Code § 17200, *et seq.* Unlawful, Unfair And Fraudulent Business Practices)

64.     Plaintiff hereby incorporates by reference the allegations contained in all of the preceding paragraphs of this complaint.

65.     Beginning at an exact date unknown to Plaintiff, but within the Class Period, and at all times mentioned herein, Defendant has engaged, and continues to engage, in unfair, unlawful, and fraudulent trade practices in California by engaging in the unfair and illegal business practices detailed above.

66.     Defendant knowingly and intentionally misled consumers by continuously and falsely representing during the Class Period that it would not share personal information with third parties without the consent of Plaintiff when in fact it secretly provided such information to third parties as alleged herein.

67.     Defendant engaged in these unfair and fraudulent practices to increase its profits.  The business practices alleged above are unlawful under § 17200, *et seq.* by virtue of violating § 17500, *et seq.*, which forbids untrue and misleading advertising.  These business practices also are unlawful under the SCA, and the business practices also are unlawful under the California Consumer Legal Remedies Act as discussed herein.

68.     Defendant's representations regarding personal information were important to Plaintiff and likely to affect his decision to entrust Defendant with his valuable personal information.  Plaintiff was injured by Defendant's unfair, unlawful and/or fraudulent acts in that he was forced to relinquish, for free, valuable personal information.  Had Plaintiff known that Defendant would share his personal information with third parties, he would not have subscribed to Defendant's service.

69.     The aforementioned practices that Defendant has used, and continues to use to its significant gain, also constitute unlawful competition and provide an unlawful advantage over Defendant's competitors, as well as injury to Plaintiff.

70.    Plaintiff seeks full restitution and disgorgement of monies, as necessary and according to proof, to restore to Plaintiff the value of all personal information that Defendant unlawfully converted by means of the unfair and/or fraudulent trade practices complained of herein, plus interest thereon.

71.    Plaintiff seeks an injunction to prohibit Defendant from continuing to engage in the unfair trade practices complained of herein.  Cal. Bus. & Prof. Code § 17203.  The acts complained of herein occurred, at least in part, within the Class Period.

72.    Plaintiff is further entitled to and does seek both a declaration that the above-described trade practices are unfair, unlawful, and/or fraudulent, and injunctive relief restraining Defendant from engaging in any of such deceptive, unfair, and/or unlawful trade practices in the future.   Such misconduct by Defendant, unless and until enjoined and restrained by order of this Court, will continue to cause injury in fact to the general public and the loss of money and property in that Defendant will continue to violate the law, unless specifically ordered to comply with the same.  This expectation of future violations will require current and future customers to repeatedly and continuously seek legal redress in order to recoup monies paid to Defendant to which Defendant is not entitled. Plaintiff has no other adequate remedy at law to ensure future compliance with the California Business & Professions Code alleged to have been violated herein.

73.    As a direct and proximate result of such actions, Plaintiff and the Members of the Class have suffered, and continues to suffer, injury in fact and have lost money and/or property as a result of such fraudulent, unfair, and/or unlawful trade practices, and unfair competition in an amount that will be proven at trial, but which is in excess of the jurisdictional minimum of this Court.

74.    As a direct and proximate result of such actions, Defendant enjoyed, and continues to enjoy, significant financial gain in an amount that will be proven at trial, but which is in excess of the jurisdictional minimum of this Court.

## EIGHTH CAUSE OF ACTION
### (Violation Of California Business and Professions Code § 17500, *et seq.* Misleading, Deceptive Or Untrue Advertising)

75.     Plaintiff hereby incorporates by reference the allegations contained in all of the preceding paragraphs of this complaint.

76.     Plaintiff asserts this cause of action against Defendant for violations of California Business and Professions Code § 17500, *et seq.* for misleading and deceptive advertising.

77.     At all material times, Defendant engaged in a scheme of offering its MySpace service to Plaintiff by way of, *inter alia*, commercial marketing and advertising, the World Wide Web (Internet), product packaging and labeling, and other promotional materials.  These materials misrepresented and/or omitted the truth about the extent to which Defendant would share valuable personal information with third parties.  Defendant knew, or in the exercise of reasonable care should have known, that these statements were deceptive, misleading, or untrue.

78.     Said advertisements and inducements were made within the State of California and come within the definition of advertising as contained in Business and Professions Code § 17500, *et seq.* in that such promotional materials were intended as inducements to subscribe to MySpace and are statements disseminated by Defendant to Plaintiff and were intended to reach Plaintiff.  Defendant knew, or in the exercise of reasonable care should have known, that these statements were misleading and deceptive.

79.     In furtherance of said plan and scheme, Defendant has prepared and distributed within the State of California *via* commercial marketing and advertising, the World Wide Web (Internet), product packaging and labeling, and other promotional materials, statements that misleadingly and deceptively represent the truth about personal information that MySpace members entrust to MySpace.

80.   Consumers, including Plaintiff, were among the intended targets of such representations.

81.   The above acts of Defendant, in disseminating said misleading and deceptive statements throughout the State of California to consumers, including Plaintiff, were and are likely to deceive reasonable consumers, including Plaintiff, by obfuscating the truth about MySpace's use of their personal information, all in violation of the "misleading prong" of California Business and Professions Code § 17500.

82.   As a result of the above violations of the "misleading prong" of Business and Professions Code § 17500, *et seq.*, Defendant has been unjustly enriched at the expense of Plaintiff and the Class.  Plaintiff and the Members of the Class, pursuant to Business and Professions Code § 17535, are entitled to an order of this Court enjoining such future conduct on the part of Defendant, and such other orders and judgments that may be necessary to disgorge Defendant's ill-gotten gains and restore to any person in interest any money paid for Defendant's services as a result of the wrongful conduct of Defendant.

### NINTH CAUSE OF ACTION
### (Violation of the California Consumer Legal Remedies Act – Cal. Civ. Code § 1750, *et seq.* – Injunctive Relief Only)

83.   Plaintiff hereby incorporates by reference the allegations contained in all of the preceding paragraphs of this complaint.

84.   This cause of action is brought pursuant to the California Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* (the "CLRA").  This cause of action does not seek monetary damages at this point, but is limited solely to injunctive relief.   Plaintiff will amend this Class Action Complaint to seek damages in accordance with the CLRA after providing the Defendant with notice pursuant to California Civil Code § 1782.

85.   Defendant's actions, representations, and conduct have violated, and continue to violate the CLRA, because they extend to transactions that are intended

to result, or that have resulted, in the sale or lease of goods or services to consumers.

86.   Plaintiff is a "consumer" as that term is defined by the CLRA in California Civil Code § 1761(d).

87.   MySpace provided "services" to Plaintiff within the meaning of California Civil Code § 1761(b).

88.   By engaging in the actions, misrepresentations, and misconduct set forth in this Class Action Complaint, Defendant has violated, and continues to violate, § 1770(a)(5) of the CLRA.  Specifically, in violation of California Civil Code § 1770(a)(5), Defendant's acts and practices constitute unfair methods of competition and unfair or fraudulent acts or practices in that they misrepresent that the service has particular uses, benefits, or quantities that it does not have.

89.   By engaging in the actions, misrepresentations, and misconduct set forth in this Class Action Complaint, Defendant has violated, and continues to violate, § 1770(a)(7) of the CLRA.  Specifically, in violation of California Civil Code § 1770(a)(7), Defendant's acts and practices constitute unfair methods of competition and unfair or fraudulent acts or practices in that they misrepresent that the service is of a particular standard, quality, or grade.

90.   By engaging in the actions, misrepresentations, and misconduct set forth in this complaint, Defendant has violated, and continues to violate, § 1770(a)(9) of the CLRA.  Specifically, in violation of California Civil Code § 1770(a)(9), Defendant's acts and practices constitute unfair methods of competition and unfair or fraudulent acts or practices in that they advertise services with intent not to sell them as advertised.

91.   By engaging in the actions, misrepresentations, and misconduct set forth in this complaint, Defendant has violated, and continues to violate, § 1770(a)(16) of the CLRA.  Specifically, in violation of California Civil Code § 1770(a)(16), Defendant's acts and practices constitute unfair methods of

1  competition and unfair or fraudulent acts or practices in that they represent that a
2  subject of a transaction has been supplied in accordance with a previous
3  representation when they have not.

4   92.   Plaintiff requests that this Court enjoin Defendant from continuing to
5  employ the unlawful methods, acts, and practices alleged herein pursuant to
6  California Civil Code § 1780(a)(2).  If Defendant is not restrained from engaging
7  in these types of practices in the future, Plaintiff and the Class will continue to
8  suffer harm.

9   93.   Therefore, Plaintiff prays for relief as set forth below.

10              **REQUEST FOR RELIEF**

11     WHEREFORE, Plaintiff Mitchell Leong, on behalf of himself and the Class,
12  request the following relief:

13   A.   An order certifying that this action is properly brought and may be
14  maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure,
15  that Plaintiff be appointed as Class Representative, and that Plaintiff's counsel be
16  appointed Class Counsel;

17   B.   An award of damages, except as to the CLRA claim as alleged above
18  in paragraphs 83-92;

19   C.   Restitution of all monies unjustly obtained or to be obtained from
20  Plaintiff and members of the Class;

21   D.   Declaratory and injunctive relief;

22   E.   An award of reasonable attorneys' fees and costs; and

23   F.   Such other relief at law or equity as this court may deem just and
24  proper.

25
26
27
28

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

DATED: November 3, 2010

**MILBERG LLP**
JEFF S. WESTERMAN
SABRINA S. KIM

_____
SABRINA S. KIM

One California Plaza
300 S. Grand Avenue, Suite 3900
Los Angeles, CA 90071
Telephone: (213) 617-1200
Facsimile: (213) 617-1975
E-mail: jwesterman@milberg.com
   skim@milberg.com

**MILBERG LLP**
ANDREI V. RADO
arado@milberg.com
JESSICA J. SLEATER
jsleater@milberg.com
One Pennsylvania Plaza, 49th Floor
New York, NY 10119
Telephone: (212) 594-5300
Facsimile: (212) 868-1229

**REESE RICHMAN LLP**
MICHAEL R. REESE (SBN 206773)
mreese@reeserichman.com
875 Avenue of the Americas, 18th Floor
New York, New York 10001
Telephone: (212) 579-4625
Facsimile: (212) 253-4272

*Attorneys for Plaintiff Mitchell Leong*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge A. Howard Matz and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## CV10- 8366 AHM (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Name & Address:
MILBERG LLP
SABRINA S. KIM (SBN 186242)
skim@milberg.com
300 S. Grand Avenue, Suite 3900
Los Angeles, California 90071
Telephone: (213) 617-1200
Facsimile:  (213) 617-1975

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

MITCHELL LEONG, individually and on behalf of all
others similarly situated,

                                    PLAINTIFF(S)

                    v.

MYSPACE, INC.,

                                    DEFENDANT(S).

CASE NUMBER

**CV10-8366** AHm (Ex)

**SUMMONS**

TO:     DEFENDANT(S): MYSPACE, INC.

        A lawsuit has been filed against you.

        Within __21__ days after service of this summons on you (not counting the day you received it), you
must serve on the plaintiff an answer to the attached ☐ complaint ☐ _____ amended complaint
☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer
or motion must be served on the plaintiff's attorney, Sabrina S. Kim_____, whose address is
Milberg LLP, 300 South Grand Avenue, Suite 3900, Los Angeles, CA 90071_____.  If you fail to do so,
judgment by default will be entered against you for the relief demanded in the complaint.  You also must file
your answer or motion with the court.

                                            Clerk, U.S. District Court

    Dated: ____11-3-10____                   By: **TANYA DURANT**_____

                                                Deputy Clerk

                                            *(Seal of the Court)*        1188

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed
60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)                              **SUMMONS**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
MITCHELL LEONG, individually and on behalf of all others similarly situated,

**DEFENDANTS**
MYSPACE, INC.,

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Milberg LLP, Sabrina S. Kim
300 S. Grand Avenue, Suite 3900, Los Angeles, California 90071
Telephone: (213) 617-1200

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No  ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
18 U.S.C. § 2701 et seq.; Bus. & Prof. Code §§ 17200, et seq. and §§ 17500, et seq.; Cal. Civ. Code §§ 1750, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

OTHER STATUTES: ☐ 400 State Reapportionment; ☐ 410 Antitrust; ☐ 430 Banks and Banking; ☐ 450 Commerce/ICC Rates/etc.; ☐ 460 Deportation; ☐ 470 Racketeer Influenced and Corrupt Organizations; ☐ 480 Consumer Credit; ☐ 490 Cable/Sat TV; ☐ 810 Selective Service; ☐ 850 Securities/Commodities/Exchange; ☐ 875 Customer Challenge 12 USC 3410; ☒ 890 Other Statutory Actions; ☐ 891 Agricultural Act; ☐ 892 Economic Stabilization Act; ☐ 893 Environmental Matters; ☐ 894 Energy Allocation Act; ☐ 895 Freedom of Info. Act; ☐ 900 Appeal of Fee Determination Under Equal Access to Justice; ☐ 950 Constitutionality of State Statutes

CONTRACT: ☐ 110 Insurance; ☐ 120 Marine; ☐ 130 Miller Act; ☐ 140 Negotiable Instrument; ☐ 150 Recovery of Overpayment & Enforcement of Judgment; ☐ 151 Medicare Act; ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans); ☐ 153 Recovery of Overpayment of Veteran's Benefits; ☐ 160 Stockholders' Suits; ☐ 190 Other Contract; ☐ 195 Contract Product Liability; ☐ 196 Franchise

REAL PROPERTY: ☐ 210 Land Condemnation; ☐ 220 Foreclosure; ☐ 230 Rent Lease & Ejectment; ☐ 240 Torts to Land; ☐ 245 Tort Product Liability; ☐ 290 All Other Real Property

TORTS PERSONAL INJURY: ☐ 310 Airplane; ☐ 315 Airplane Product Liability; ☐ 320 Assault, Libel & Slander; ☐ 330 Fed. Employers' Liability; ☐ 340 Marine; ☐ 345 Marine Product Liability; ☐ 350 Motor Vehicle; ☐ 355 Motor Vehicle Product Liability; ☐ 360 Other Personal Injury; ☐ 362 Personal Injury-Med Malpractice; ☐ 365 Personal Injury-Product Liability; ☐ 368 Asbestos Personal Injury Product Liability

IMMIGRATION: ☐ 462 Naturalization Application; ☐ 463 Habeas Corpus-Alien Detainee; ☐ 465 Other Immigration Actions

TORTS PERSONAL PROPERTY: ☐ 370 Other Fraud; ☐ 371 Truth in Lending; ☐ 380 Other Personal Property Damage; ☐ 385 Property Damage Product Liability

BANKRUPTCY: ☐ 422 Appeal 28 USC 158; ☐ 423 Withdrawal 28 USC 157

CIVIL RIGHTS: ☐ 441 Voting; ☐ 442 Employment; ☐ 443 Housing/Accommodations; ☐ 444 Welfare; ☐ 445 American with Disabilities - Employment; ☐ 446 American with Disabilities - Other; ☐ 440 Other Civil Rights

PRISONER PETITIONS: ☐ 510 Motions to Vacate Sentence Habeas Corpus; ☐ 530 General; ☐ 535 Death Penalty; ☐ 540 Mandamus/Other; ☐ 550 Civil Rights; ☐ 555 Prison Condition

FORFEITURE/PENALTY: ☐ 610 Agriculture; ☐ 620 Other Food & Drug; ☐ 625 Drug Related Seizure of Property 21 USC 881; ☐ 630 Liquor Laws; ☐ 640 R.R. & Truck; ☐ 650 Airline Regs; ☐ 660 Occupational Safety /Health; ☐ 690 Other

LABOR: ☐ 710 Fair Labor Standards Act; ☐ 720 Labor/Mgmt. Relations; ☐ 730 Labor/Mgmt. Reporting & Disclosure Act; ☐ 740 Railway Labor Act; ☐ 790 Other Labor Litigation; ☐ 791 Empl. Ret. Inc. Security Act

PROPERTY RIGHTS: ☐ 820 Copyrights; ☐ 830 Patent; ☐ 840 Trademark

SOCIAL SECURITY: ☐ 861 HIA (1395ff); ☐ 862 Black Lung (923); ☐ 863 DIWC/DIWW (405(g)); ☐ 864 SSID Title XVI; ☐ 865 RSI (405(g))

FEDERAL TAX SUITS: ☐ 870 Taxes (U.S. Plaintiff or Defendant); ☐ 871 IRS-Third Party 26 USC 7609

**CV10-8366**

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply) ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | San Mateo |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | San Mateo |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _Sabrina Kim /mmv_    Date November 3, 2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |